STATE of Tennessee, Appellee,

v.

Bobby STANLEY, Appellant,

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 4, 1986.

Permission to Appeal Denied by Supreme Court Feb. 17, 1987.

W.J. Michael Cody, Atty. Gen. and Reporter, Bettye Springfield-Carter, Asst. Atty. Gen., Nashville, James R. Scroggins, Asst. Dist. Atty., Jefferson City, for appellee.

Douglas R. Beier, Morristown, for appellant.

## OPINION

O'BRIEN, Judge.

The case comes from Jefferson County. In a jury trial defendant was found guilty of indecent exposure and sentenced to eleven (11) months and twenty-nine (29) days, with all suspended except thirty (30) days to be served in the county jail.

■ On this appeal he first contests the sufficiency of the evidence to support the verdict of the jury. The prosecutrix in this case positively identified the defendant as the individual who blocked her passage in a parking lot in Jefferson City and exposed himself to her while sitting in his automobile. She was able to obtain his license number and reported the incident to the police. Although she transposed two of the digits in her initial report, she corrected the matter the following morning and as a result defendant was arrested. Prior to trial she again identified defendant when his sister showed her a picture of him. She was positive of her in-court identification. She explained a discrepancy in her initial report relative to the color of his vehicle.

The defendant produced a number of witnesses to testify to his whereabouts during the period of time when the incident purportedly occurred. None of these witnesses could place the defendant in their presence for that entire time span. Through their testimony it was established that defendant was in close proximity to the parking lot where the offense occurred, at about the time of its occurrence. The balance of defendant's proof was from witnesses who testified to his good character.

The jury in this case heard all of the evidence, and had the opportunity to observe each of the witnesses while they testified. Having done so, they elected to accept that evidence offered by the State and returned their verdict against the defendant. On appellate review the relevant question is whether, after viewing the evidence in the light most favorable to the State, as we are obliged to do, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Tennessee Rule of Appellate Procedure 13(e); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2786, 61 L.Ed.2d 560 (1979). The evidence in this case meets that requirement. This issue is without merit.

Two further issues are raised pertaining to denial of post-trial misdemeanor deferral under T.C.A. § 40–21–109; and probation of defendant's entire sentence by the trial judge.

■ It is wholly discretionary for a trial judge to grant or deny the relief set forth in T.C.A. § 40–21–109. Although no reason was stated for denial of deferral, the reasoning of the trial judge was made manifest in his statement in regard to denial of regular probation. The court was placed in a very peculiar position in this case. Pretrial, the District Attorney offered the defendant the opportunity to plead no contest to the charges against him, upon which the State would have recommended a sentence of eleven (11) months and twenty-nine (29) days, with no objection to the sentence being suspended, on condition that defendant would receive counseling. This agreement was concurred in by the prosecutrix. In his findings at the conclusion of the sentencing hearing the trial judge expressed the view that counseling rather than incarceration would properly be the right course, except for the fact that such procedure would be of no benefit to an individual who was recalcitrant, unrepentant, and unremorseful. He also expressed his concurrence with the jury finding on defendant's guilt.

■ We have reviewed the sentencing issues de novo, without any presumption of correctness in the ruling of the trial court. T.C.A. § 40–35–402(d). We have done so without having the advantage of the trial judge to observe the manner, demeanor, and attitude of the defendant, and the witnesses at trial, and on the sentencing hearing. All but thirty (30) days of the sentence was suspended. Under those circumstances we do not find the sentence to be excessive. We are of the opinion the manner of service of the sentence is inappropri-

ate. Except for the nature of the offense and the trial court's observations at the sentencing hearing, everything else in the record, including the presentence report, is favorable toward the defendant. He is stably employed and his work record is good. According to the presentence report he has a favorable reputation in the community. We believe the judgment of the trial court should be affirmed, however defendant's employment should not be interrupted by the terms of his confinement. The defendant will be allowed to serve his sentence on non-consecutive days in the county jail. The sentence may be served on weekends, between the hours of 9:00 a.m. on Saturday mornings until Monday morning, when he will be released in time to go to his regular employment until he has served the entire thirty (30) days of the jail time imposed by the trial court.

The judgment of the trial court is affirmed as modified.

WALKER, P.J.,' and DUNCAN, J., concur.